■ Thomas D. Rizzo, as Executor of Peter Cyrus-Rizzo, III, Deceased, Appellant, v City of New York et al., Respondents. —Order and judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about July 5, 1991 and September 12, 1991, respectively, which granted defendants' motion for summary judgment and dismissed the complaint in its entirety, unanimously affirmed, without costs.

As the decedent was working in his capacity as a government employee (Chairman of the Fire Department Pension Fund's Medical Board) when he was shot and killed by an

applicant who was denied accident disability retirement, plaintiff was required to demonstrate that a "special duty" existed between the decedent and the government entity before defendants could be held liable for alleged security failures *(see, Bonner v City of New York,* 73 NY2d 930). Since there is no evidence of an affirmative undertaking by defendants to act on behalf of the decedent nor any proof of the decedent's reliance upon such an undertaking, plaintiff has failed to establish that a "special duty" existed between the decedent and defendants *(see, Cuffy v City of New York,* 69 NY2d 255).

In an effort to avoid having to establish a "special duty", plaintiff argues that defendants were acting in a proprietary capacity rather than in a governmental capacity. However, provisions for security under the instant circumstances clearly constitute a discretionary governmental function *(see, Bonner v City of New York, supra).* Concur—Sullivan, J. P., Rosenberger, Ellerin and Kassal, JJ.